■ ROSE A. POST, Respondent, v. ARTHUR POST, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, dated June 24, 1969, which granted plaintiff a divorce on the ground of cruel and inhuman treatment, after a nonjury trial. Judgment affirmed, with costs. No opinion. Martuscello, Acting P. J., Kleinfeld and Benjamin, JJ., concur; Latham and Brennan, JJ., dissent in part and vote to modify the judgment by striking therefrom the alimony award of $40 a week for plaintiff's support and maintenance and to affirm the judgment as so modified, with the following memorandum: Plaintiff testified she did not want support for herself, but only for the two children. She failed to establish a need for support for herself. Additionally, the evidence disclosed that she was employed and earning $85 a week from her position; and was residing with her two children in her mother's apartment.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GREGORY R. (ANONYMOUS), Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered September 18, 1968, which adjudicated him a youthful offender, after a nonjury trial, and committed him to a reformatory term. Judgment reversed, on the law and the facts, and youthful offender information dismissed. In our view, the People failed to prove defendant guilty of acts which would constitute burglary and larceny beyond a reasonable doubt and, accordingly, the adjudication cannot be sustained. The People's evidence was primarily circumstantial in nature and wholly insufficient to establish defendant's participation in the crime to a moral certainty (see *People* v. *Cleague*, 22 N Y 2d 363). Even if we were not dismissing the information, a new trial before a jury would have had to be held as defendant was unconstitutionally required to consent to a trial without a jury in order to qualify for youthful offender treatment (*People* v. *Michael A. C.* [*Anonymous*], 32 A D 2d 554). Christ, P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL JOSEPH ARMOCIDA, Appellant.— Two orders of the Supreme Court, Queens County, dated August 14, 1968 and December 4, 1968, respectively, affirmed (*People* v. *Pepples*, 32 A D 2d 1041; cf. *People* v. *Curro*, 26 N Y 2d 669). Christ, P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM STEVENSON BATTLE, Also Known as WILLIAM SANDERS, Also Known as "ALABAMA", Also Known as ROBERT WILLIAMS, Appellant.— By a previous decision of this court rendered July 15, 1968 on this appeal from a judgment of the County Court, Dutchess County, rendered June 15, 1966, this case was remitted to the trial court for a *de novo* hearing to determine whether the evidence taken from defendant was admissible at the trial; and the appeal has been held in abeyance in the interim (*People* v. *Battle*, 30 A D 2d 842). The hearing has been held and an order thereon has been made adverse to defendant, dated December 5, 1968. Judgment affirmed. No opinion. Christ, P. J., Brennan, Hopkins and Benjamin, JJ., concur. (Beldock, P. J., deceased.)